IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRI BOSHA, #168371, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-792-WHA |
| | ) | [WO] |
| | ) | |
| ROBERT BENTLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 6, 2014, challenging the conditions of confinement to which he is subjected at the Decatur Work Release Facility. Plaintiff also complains that any funds correctional officials deduct from his work release earnings in excess of 40% violates state law and, thereby, his federal constitutional rights to due process.[1] However, upon initiation of this case, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the court did not have the financial information necessary to determine whether Plaintiff

---

[1] Ala. Code § 14-8-6 provides, in pertinent part, as follows:

The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 per cent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department....

should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Plaintiff provide the court with this information or pay the requisite fees on or before August 26, 2014. *Order of August 13, 2014 - Doc. No. 3* at 1-2. The court specifically cautioned Plaintiff that failure to comply with this order would result in a recommendation that this case be dismissed. *Id*. at 2. Subsequently, Plaintiff sought waiver of *in forma pauperis* in which he requested that the court waive the applicable fees and costs associated with this case. *Motion to Waive In Forma Pauperis - Doc. No. 5*. The court denied this motion "as 28 U.S.C. § 1915(b)(1) requires assessment and collection of any court fees when funds exist." *Order of August 26, 2014 - Doc. No. 6*. In this order, the court also granted Plaintiff an extension to and including September 8, 2014 to submit either the requisite financial information or the applicable fees as required by the previous order. *Id*. On September 10, 2014, Plaintiff sought reconsideration of the order denying his motion for waiver of fees and costs. *Motion for Reconsideration - Doc. No. 8*. The court denied the motion for reconsideration and granted Plaintiff an extension to and including September 19, 2014 to file the necessary financial information or fees. *Order of September 11, 2014 - Doc. No. 9*. On September 26, 2014, Plaintiff sought a change of venue in this case. *Motion to Change Venue - Doc. No. 10*. Due to Plaintiff's failure to submit either the requisite fees or an application to proceed *in forma pauperis*, the court issued an order which deferred ruling on the motion addressing venue and granted Plaintiff an extension until October 30, 2014 to file the necessary fees or documents. *Order of September 30, 2014 - Doc. No. 11*. This order

further advised Plaintiff that this case could not proceed "before this or any other court without either submission of an application to proceed *in forma pauperis* or payment of the filing fee as such is required to properly file a federal civil action." *Id*. at 1.[2] The court also "***cautioned*** [Plaintiff] that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed" *Id*. at 3.

As of the present date and despite several opportunities to do so, Plaintiff has failed to comply with the directives of the orders entered herein requiring submission of either the $400.00 filing/administrative fees or an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by relevant financial information. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court. It is further

ORDERED that on or before November 26, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[2]The court again provided Plaintiff with the form affidavit utilized by persons seeking to proceed *in forma pauperis* before this court.

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE, this 12th day of November, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE